IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BITSIGHT TECHNOLOGIES, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>NORMSHIELD INC.<br>d/b/a BLACK KITE, INC.,<br><br>   Defendant.<br><br>NORMSHIELD INC.<br>d/b/a BLACK KITE, INC.,<br><br>   Counterclaim Plaintiff,<br><br> v.<br><br>BITSIGHT TECHNOLOGIES, INC.,<br><br>   Defendant. | Case No. 1:23-cv-12055-MJJ |

**JOINT STATEMENT PURSUANT TO RULE 26(f) AND LOCAL RULE 16.1**

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.1, Plaintiff and Counterclaim Defendant, BitSight Technologies, Inc. ("BitSight") and Defendant and Counterclaim Plaintiff Normshield Inc. d/b/a Black Kite, Inc. ("Black Kite") (collectively, "the Parties"), by and through their counsel have conferred as required and hereby submit the following Joint Statement.

I. **Concise Summary of the Parties' Positions Regarding Liability and Relief Sought**

 A. **BitSight**

BitSight developed and markets a proprietary and revolutionary system for determining a composite security rating, derived by amassing security data collected externally from third-party

1

computer systems online. Black Kite has made numerous false and misleading statements about BitSight's and Black Kite's offerings on its website, including its "Black Kite Competitive Comparison" where Black Kite purports to compare its offerings to those of its competitors and directly to BitSight's actual and potential customers. The false and misleading statements concern key aspects of BitSight's and Black Kite's offerings that speak to the quality and value of each company's offerings. BitSight's position is that Black Kite's actions constitute false advertising under the Lanham Act, 15 U.S.C. § 1125(a), deceptive trade practices under Mass. Gen. Laws ch. 93A, § 11, and false advertising under Mass. Gen. Laws ch. 266, § 91. BitSight's position is that Black Kite should be enjoined from making further false and misleading statements about BitSight's offerings and should be ordered to pay BitSight damages, including treble damages, costs, attorneys' fees and disgorgement of profits derived from Black Kite's unlawful activities, including pre- and post- judgment interest.

BitSight denies that it has made, distributed, or disseminated false or misleading statements about Black Kite in violation of the Lanham Act or Mass. Gen Laws ch. 266, § 91 and denies that it made false, deceptive or misleading representations about its products in comparison to Black Kite's products in violation of Mass. Gen. Laws. ch. 93 A, § 11. BitSight further denies that Black Kite is entitled to any of the relief it seeks, including its request for damages and a permanent injunction.

    **B.**    **Black Kite**

Black Kite is a nimble and innovative entrant in the cyber-risk assessment and monitoring space, where it competes fairly and honestly, including with its entrenched competitor, BitSight. BitSight has been unable to keep pace with Black Kite in the market, so it has turned to meritless litigation and false advertising in an effort to inflict competitive injury on Black Kite. BitSight brought baseless claims against Black Kite, including for patent infringement and false advertising.

*See* Am. Compl. (Dkt. No. 39). The Court recently dismissed the entirety of BitSight's patent infringement claims and invalidated BitSight's asserted patent claims. *See* Mem. & Order (Dkt. No. 59). As to BitSight's remaining false advertising claims, Black Kite denies BitSight's allegations, *see* Answer & Counterclaim (Dkt. No. 64), and is confident that the discovery process will show that BitSight's claims are meritless and that Black Kite should prevail on its affirmative defenses.

In addition, BitSight has competed unfairly with Black Kite through false and misleading advertising of its offerings and its comparisons of its offerings to Black Kite's on both BitSight's website and in its presentations to and communications with customers and other third parties. Accordingly, Black Kite has brought counterclaims against BitSight under the Lanham Act, Mass. Gen. Laws ch. 266, § 91, and Mass. Gen. Laws ch. 93A, § 11 concerning BitSight's unlawful and anticompetitive marketing and advertising. *Id.* Black Kite seeks (trebled) actual damages, restitution and disgorgement of BitSight's ill-begotten profits, a permanent injunction against BitSight, and attorneys' fees and costs.

## II.     Rule 26(f) Issues

### A.     Initial Disclosures

The Parties agree that initial disclosures shall be served by November 6, 2024.

### B.     Subjects on Which Discovery May be Needed

The Parties anticipate discovery regarding BitSight's false advertising and deceptive trade practices allegations and Black Kite's defenses and false advertising and deceptive trade practices counterclaims as outlined in Section I.

### C.     Agreement Regarding Discovery of Electronically Stored Information '

The Parties anticipate discovery of electronically stored information and intend to agree to the form or forms in which electronic discovery should be produced or otherwise made available

in conjunction with responses to discovery. The Parties shall meet and confer and agree upon an appropriate electronically stored information discovery protocol. To the extent any issues regarding the format for electronic discovery arise, the Parties will meet and confer in good faith before bringing them to the attention of the Court.

        **D.**      **Privilege, Preservation, and Inadvertent Disclosure of Privileged Information**

The Parties do not anticipate any unique privilege issues and will submit for Court approval a Protective Order governing the production of confidential information, including a claw back providing for the inadvertent production of privileged documents.

**III.**    **Timetable for Discovery and Motion Practice**

1. <u>Initial Disclosures.</u>  Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by November 6, 2024.

2. <u>Amendments to Pleadings</u>. Amendments to pleadings and joinder of parties shall be completed by July 30, 2025.

3. <u>Fact Discovery - Interim Deadlines.</u>

    a. The Parties agree to the following limits on discovery:

        i. 65 deposition hours on the record per party (includes 30(b)(6) depositions and third party depositions);

        ii. 25 interrogatories; and

        iii. 25 requests for admission (except for requests that seek an admission as to the authenticity of a particular document or thing).

    b. All requests for production of documents must be served 60 days before the close of fact discovery. All interrogatories and requests for admission must be served 45 days before the close of fact discovery.

    c. All depositions, other than expert depositions, must be completed by the close of fact discovery. The Parties agree that depositions may be videotaped.

    d. The Parties do not agree to bifurcated or phased discovery in this action.

    e. Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than

      the completion of fact discovery, unless good reason can be shown for why such information was not available.

4. <u>Substantial Completion of Document Discovery Deadline.</u>  Substantial completion of all document discovery must be accomplished by July 2, 2025.

5. <u>Final Fact Discovery Deadline.</u>  All discovery, other than expert discovery, must be completed by August 29, 2025.

6. <u>Expert Discovery</u>.

    a. Opening expert reports for which a party bears the burden of proof shall be exchanged by September 29, 2025.

    b. Rebuttal expert reports for which a party does not bear the burden of proof shall be exchanged by October 29, 2025.

    c. Expert depositions and all expert discovery shall be completed by November 19, 2025.

7. <u>Dispositive Motions.</u>  Dispositive motions shall be served by December 18, 2025.  Oppositions to dispositive motions shall be served within 21 days after service of the motion, January 8, 2026.  Reply memoranda are due within 14 days of the filing of the opposition, January 22, 2026.

8. <u>Trial Deadline.</u> Parties will be ready for trial on March 16, 2026.

## IV.    Local Rule 16.1 Issues

### A.    Magistrate Judge

The Parties do not consent to trial by a magistrate judge.

### B.    Settlement and Local Rule 16.1(d)(3) Certifications

The Parties and their counsel have conferred in accordance with L.R. 16.1(d)(3)(A) and L.R. 16.1(d)(3)(B).  The Parties do not believe that the use of alternative dispute resolution is appropriate at this time.  Certifications signed by counsel and an authorized representative of each party are attached as Exhibits A and B.

BitSight submitted a written settlement proposal to Black Kite on October 9, 2024, pursuant to L.R. 16.1(c), to which Black Kite will respond in writing on October 16, 2024 pursuant to the Court's order.

V.   **Procedural Provisions**

1. <u>Extension of Deadlines</u>.  All requests to extend or modify deadlines must be made by motion and must state (1) the original date(s); and (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent.  The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.  Motions to extend or modify deadlines will be grated only for good cause shown.

    If the requested extension or modification affects any of the other scheduled dates, a represented party must submit a proposed revised scheduling order using this template.

    Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. <u>Motions to Compel or Prevent Discovery</u>.  Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery response, and similar motions must be filed no later than seven days after the close of fact discovery or the close of expert discovery, whichever deadline is relevant.  If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. <u>Status Conferences</u>.  Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled.

4. <u>Early Resolution of Issues</u>.  The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expediate resolution of the case.  Counsel are encouraged to identify such issues and to make appropriate motions at an early stage in the litigation.

5. <u>Pretrial Conference</u>.  Lead trial counsel are required to attend any pretrial conference.

Dated:  October 16, 2024

Respectfully submitted,

/s/ Douglas J. Kline
Douglas J. Kline (BBO# 556680)
Robert D. Carroll (BBO# 662736)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
dkline@goodwinlaw.com
rcarroll@goodwinlaw.com

Naomi L. Birbach (*pro hac vice*)
Timothy Keegan (*pro hac vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
nbirbach@goodwinlaw.com
tkeegan@goodwinlaw.com

Kelly Grosshuesch (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel: (202) 346-1000
Fax: (202) 346-4444
kgrosshuesch@goodwinlaw.com

*Attorneys for Plaintiff and Counterclaim Defendant, BitSight Technologies, Inc.*

/s/ Eric D. Wolkoff
Eric D. Wolkoff (BBO# 679566)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Ave., Suite 520
Boston, Massachusetts 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200
ericwolkoff@quinnemanuel.com

Kevin Johnson (admitted pro hac vice)
Andrew Bramhall (admitted pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Fax: (650) 801-5100
kevinjohnson@quinnemanuel.com
andrewbramhall@quinnemanuel.com

David M. Elihu (admitted pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
davidelihu@quinnemanuel.com

Nathan Hamstra (admitted pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
nathanhamstra@quinnemanuel.com

*Attorneys for Defendant and Counterclaim Plaintiff NormShield, Inc. d/b/a Black Kite, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") on this 16th day of October 2024.

*/s/ Douglas J. Kline*
Douglas J. Kline
